ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7157
    Fax: (415) 436-7027
    Ivana.Djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-mj-71466 MAG |
| Plaintiff, | MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION |
| v. | |
| JORGE RODAS SALGUERO, | Date: October 3, 2023<br>Time: 10:30 AM |
| Defendant. | Court: Hon. Lisa J. Cisneros |

**INTRODUCTION**

Within a one-block radius of Seventh Street between Mission and Market Streets in San Francisco are located a federal office building, a federal courthouse, a preschool, a methadone clinic, and a health resource center. This area has suffered from an increase in criminal activity including drug trafficking, drug use, assaults, robberies, stabbings, and shootings. Of particular concern is the fentanyl trafficking taking place in this block. Thus far this year, more than 456 people in San Francisco have died from fentanyl overdoses, putting the City on track for an all-time record. It only takes two milligrams to kill a person.[1] Defendant Jorge Rodas Salguero is a fentanyl dealer who works the block

---

[1] Office of San Francisco City Administrator, *Report on Accidental Overdose Deaths*, https://sf.gov/sites/default/files/2023-09/2023%2009_OCME%20Overdose%20Report.pdf; ABC7 News, *385 died of fentanyl overdose in SF this year; could set record, health officials say*,

between Seventh Street and Mission Street. On September 27, 2023, DEA Agents observed the Defendant participating in at least seven hand-to-hand drug sales. At the time of his arrest, Rodas Salguero had on him 169.7g of suspected fentanyl. The Defendant has a lengthy criminal history of trafficking narcotics and repeatedly violating court orders by illegally re-entering the United States.

Defendant is both a danger to the community and a significant flight risk. Given the chance, he will continue to deal fentanyl and continue to disobey court orders. Defendant is not amenable to court supervision. He cannot overcome the presumption that there is no condition or combination of conditions that can secure his appearance before the Court or provide for the safety of the community. Accordingly, the government requests that he be detained pending trial.

I.   **FACTUAL BACKGROUND**

The government proffers facts herein in support of the argument that Rodas Salguero is a danger to the community and a flight risk through counsel.[2]

**A. The Defendant's Has a Significant Criminal History and Pattern of Drug Trafficking.**

This is not the first time the Defendant has been charged with a felony drug trafficking offense. Rodas Salguero is a career recidivist who has repeatedly shown that he is unwilling to follow court orders. Rodas Salguero's inability and unwillingness to follow court orders are evidenced by his four federal convictions for illegal re-entry into the United States. Each of those convictions carried sentences of incarceration and supervised release, but none deterred the Defendant from again violating court orders and illegally re-entering the country. Rodas Salguero was convicted of illegal re-entry in April 2012 in California, and sentenced to 24 months of imprisonment and 36 months of supervised release. He was convicted of illegal re-entry in March 2015 in Utah, and sentenced to 24 months of imprisonment and 36 of months of supervised release. In April 2017, he was against convicted of illegal

---

https://abc7news.com/san-francisco-drug-problem-fentanyl-tenderloin-overdose-deaths/13654885/.

[2] The Federal Rules of Evidence do not apply to pretrial detention hearings. *See* 18 U.S.C. § 3142(f)(2)(B) ("The Rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *see also* FED. R. EVID. 1101(d)(3) (exception to application of federal evidence rules for "miscellaneous proceedings such as . . . considering whether to release on bail or otherwise."). Defendants at pretrial detention hearings are expressly authorized by the Bail Reform Act of 1984 to "present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2)(B). Because the Act ratified existing practice, the government is likewise authorized to present information by proffer.

re-entry in Utah, and sentenced to 27 months of imprisonment and 36 months of supervised release. And as recently as March 2021, Defendant was once more convicted of illegal re-entry in Arizona, and sentenced to 30 months of imprisonment and 36 months of supervised release. After each of these convictions, the Defendant violated the terms of his supervised release and again illegally re-entered the country.

And what did Rodas Salguero do upon illegally re-entering the United States? He was convicted of a felony offense for transporting and selling narcotics in California in December 2010. He was convicted of felony distribution of a controlled substance in Utah in May 2017 and sentenced to a suspended prison term and 36 months of probation. And beyond the two convictions he has been arrested on drug charges numerous times: he was arrested in Utah in August 2014, and in California in March 2009, twice in September 2009, and as recently as September 18, 2023, for a DUI and carrying methamphetamine into a local jail. And the Defendant's most recent criminal activity is selling fentanyl in the Tenderloin.

### B. September 27, 2023 – the Defendant Sells Fentanyl in the Tenderloin

On September 27, 2023, DEA agents observed Rodas Salguero conduct at least seven hand-to-hand drug sales over a one-hour span near the intersection of Mission Street and Seventh Street, in San Francisco. DEA Agents arrested Rodas Salguero, and upon conducting a search incident to his arrest, found 169.7g of suspected fentanyl on his person. The suspected fentanyl seized from Rodas Salguero's person later tested presumptively positive for fentanyl utilizing a TruNarc testing device. In addition to the suspected fentanyl, the Defendant also had on his person a scale and varying amounts of substances that tested presumptive positive for crack cocaine, methamphetamine, and black tar heroin, all of which are also federally controlled substances.

 



## II. LEGAL STANDARDS

This Court can detain a defendant pretrial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk.  *Id.* at § 3412 (b), (c).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence.  *Id.* at § 3142(f)(2)(B). A finding that a defendant presents a risk of non-appearance must be supported by a preponderance of the evidence.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The Court considers four factors to determine whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Finally, the law presumes that no condition or combination of conditions will reasonably assure the appearance of the defendant, and the safety of the community, when the defendant is charged with an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more.  18 U.S.C. § 3142(e)(3)(A).  In such cases, the burden of production shifts to the defendant.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  Even if the defendant rebuts the

presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.* (citation omitted).

### III.  ARGUMENT

#### A.  The Defendant Faces a Rebuttable Presumption in Favor of Detention.

The Defendant was arrested in actual physical possession of fentanyl. He is charged with distributing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). On September 27, 2023, the Honorable Judge Peter H. Kang signed the criminal complaint. Therefore, there is probable cause to believe the Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). As described below, the defendant will be unable to overcome this presumption.

#### B.  The Defendant Cannot Overcome the Presumption that He is a Flight Risk.

The Defendant is a foreign national with no known local ties. His criminal history evidences that he is not tied to one place: he appears to have moved repeatedly between California and Utah while committing drug trafficking offenses and continually being deported. And he has demonstrated that he has no qualms about traveling where he has been ordered by a court not to go—he has four felony illegal re-entry convictions, and he remains undeterred. The Defendant is not a United States citizen and faces deportation, again, if convicted.

Additionally, the charges brought against the Defendant are serious—the most serious he has faced. He faces a significant sentence if he is convicted. Additionally, the evidence against the defendant is very strong, including several agents witnessing the Defendant selling drugs near the federal buildings on September 27, 2023. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cr. 1991) (holding that strong evidence of guilt "makes it more likely that he will flee"). All of these factors, when taken together, demonstrate that the Defendant poses a significant flight risk.

### C. Defendant Cannot Overcome the Presumption that He is a Danger to the Community.

The Defendant poses a significant danger to the public due to his consistent history and pattern of selling dangerous drugs. He has been convicted and arrested multiple times for drug offenses in California and Utah. Just two milligrams of fentanyl can kill. The Defendant possessed 169.7g fentanyl, a large amount of an incredibly lethal substance. He possessed these drugs despite felony convictions, felony probation, court orders, and supervision. The Defendant will continue to sell dangerous drugs if he is released from custody.

**CONCLUSION**

The Court should order the Defendant detained pending trial because Rodas Salguero cannot overcome the presumption that there are no conditions that will reasonably assure his appearance at court proceedings or ensure the safety of the community.

DATED: 10/2/2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Ivana Djak*

_____
IVANA DJAK
Assistant United States Attorney